AO 245B   (Rev. 09/08) Judgment in a Criminal Case
Sheet 1



**FILED**
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

MAR 04 2010

JAMES W. McCORMACK, CLERK
By: _____ DEP CLERK

# UNITED STATES DISTRICT COURT
### Eastern District of Arkansas

| | |
|---|---|
| UNITED STATES OF AMERICA<br>v.<br>TYRELL MCKENZIE | **JUDGMENT IN A CRIMINAL CASE**<br><br>Case Number: 4:09CR00172-01 GTE<br>USM Number: 25532-009<br><br>OMAR GREENE<br>Defendant's Attorney |

**THE DEFENDANT:**

☑ pleaded guilty to count(s)   Counts One (1) and Two (2) of the Information

☐ pleaded nolo contendere to count(s) _____
   which was accepted by the court.

☐ was found guilty on count(s) _____
   after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| **Title & Section** | **Nature of Offense** | **Offense Ended** | **Count** |
|---|---|---|---|
| 18 USC §§ 371 and 513(a) | Conspiracy to Pass Counterfeit Checks, a Class D Felony | 6/1/2009 | 1 |
| 18 USC § 513(a) | Passing a Counterfeit Check, a Class C Felony | 6/1/2009 | 2 |

The defendant is sentenced as provided in pages 2 through __8__ of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____

☐ Count(s) _____   ☐ is   ☐ are   dismissed on the motion of the United States.

   It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

3/4/2010
Date of Imposition of Judgment

_Garnett Thomas Eisele_
Signature of Judge

Garnett Thomas Eisele,   U.S. District Judge
Name of Judge   Title of Judge

Mar 4, 2010
Date

AO 245B    (Rev. 09/08) Judgment in Criminal Case
            Sheet 2 — Imprisonment

Judgment — Page  2  of  8 

DEFENDANT: TYRELL MCKENZIE
CASE NUMBER: 4:09CR00172-01 GTE

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of:

FIFTY-FIVE (55) MONTHS on each of Counts 1 and 2 to run concurrent for a total sentence of FIFTY-FIVE (55) MONTHS

☑ The court makes the following recommendations to the Bureau of Prisons:

That the Defendant participate in educational and vocational programs during incarceration. That the Defendant be designated to the Millington, Tennessee facility. If he is not eligible for Millington, Tennessee, then the Court recommends a facility in Florida.

☑ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:

    ☐ at _____ ☐ a.m. ☐ p.m. on _____ .

    ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

    ☐ before 2 p.m. on _____ .

    ☐ as notified by the United States Marshal.

    ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

a _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
    DEPUTY UNITED STATES MARSHAL

AO 245B (Rev. 09/08) Judgment in a Criminal Case
Sheet 3 — Supervised Release

DEFENDANT: TYRELL MCKENZIE
CASE NUMBER: 4:09CR00172-01 GTE

Judgment—Page 3 of 8

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of :
  THREE (3) YEARS

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

☑ The above drug testing condition is suspended, based on the court's determination that the defendant poses a low risk of future substance abuse. *(Check, if applicable.)*

☑ The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. *(Check, if applicable.)*

☑ The defendant shall cooperate in the collection of DNA as directed by the probation officer. *(Check, if applicable.)*

☐ The defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which he or she resides, works, is a student, or was convicted of a qualifying offense. *(Check, if applicable.)*

☐ The defendant shall participate in an approved program for domestic violence. *(Check, if applicable.)*

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without the permission of the court or probation officer;
2) the defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4) the defendant shall support his or her dependents and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6) the defendant shall notify the probation officer at least ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court; and
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

AO 245B (Rev. 09/08) Judgment in a Criminal Case
Sheet 3A — Supervised Release

DEFENDANT: TYRELL MCKENZIE
CASE NUMBER: 4:09CR00172-01 GTE

Judgment—Page 4 of 8

## ADDITIONAL SUPERVISED RELEASE TERMS

14) The defendant shall disclose financial information upon request of the U.S. Probation office, including, but not limited to, loans, lines of credit and tax returns. This also includes records of any business with which the defendant is associated. No new lines of credit shall be established without prior approval of the U.S. Probation office until all criminal penalties have been satisfied.

15) Pursuant to 12 U.S.C. §§ 1785 and 1829, the defendant shall not obtain employment in an institution insured by the FDIC or a Federal Credit Union.

AO 245B   (Rev. 09/08) Judgment in a Criminal Case
           Sheet 5 — Criminal Monetary Penalties

DEFENDANT: TYRELL MCKENZIE  
CASE NUMBER: 4:09CR00172-01 GTE

Judgment — Page  5  of  8

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

|  | **Assessment** | **Fine** | **Restitution** |
|---|---|---|---|
| **TOTALS** | $ 200.00 | $ 0.00 | $ 58,533.11 |

☐ The determination of restitution is deferred until _____. An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☐ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss*** | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
| America's Cash Express Center #2111 | | | |
| 1100 East Roosevelt Rd., Little Rock, AR 72206 | | $2,437.17 | |
| Amerine Eye Care | | | |
| 11401 Financial Centre Pkwy, Suite 102 | | | |
| Little Rock, AR 72211 | | $110.00 | |
| Bank of America, Attn: Nancy Hollis | | $1,428.54 | |
| Centennial Bank, Attn: Tommie Abrams | | | |
| P.O. Box 966, Conway, AR 72033 | | $2,857.13 | |
| Certegy, Certegy Check Services | | | |
| 11601 Roosevelt Blvd. | | | |
| St. Petersburg, FL 33716 | | $1,396.74 | |
| **TOTALS** | $ 0.00 | $ 15,938.80 | |

☐ Restitution amount ordered pursuant to plea agreement $ _____

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☑ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

   ☑ the interest requirement is waived for the   ☐ fine   ☑ restitution.

   ☐ the interest requirement for the   ☐ fine   ☐ restitution is modified as follows:

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

DEFENDANT: TYRELL MCKENZIE
CASE NUMBER: 4:09CR00172-01 GTE

Judgment—Page 6 of 8

# ADDITIONAL RESTITUTION PAYEES

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| D & J Mini Mart 1802 Main, North Little Rock, AR 72114 | | $514.29 | |
| Eggroll Express, 3416 Camp Robinson, North Little Rock, AR 72118 | | $35.39 | |
| Exxon Mart, Inc. 3800 Camp Robinson Rd. North Little Rock, AR 72118 | | $1,236.31 | |
| Finish Line, 3929 McCain Blvd., North Little Rock, AR 72116 | | $276.06 | |
| First Arkansas Bank & Trust, 600 West Main, Jacksonville, AR 72076 | | $607.06 | |
| First State Bank, Conway, AR | | $262.77 | |
| Flash Market #170, 8701 Maumelle Blvd., Maumelle, AR 72113 | | $30.00 | |
| Fourjay, LLC, c/o the Corporation Co., 124 W. Capitol Suite 900, Little Rock, AR 72201 | | $40.07 | |
| Fred's #1215, 207 S. Second, Cabot, AR 72023 | | $73.06 | |
| KMart, 3933 Hwy 89, #1 KMart Plaza, Cabot, AR | | $1,418.95 | |
| Kroger | | $66.85 | |
| Lake Liquor Store, 20710 Hwy 365 North, Maumelle, AR 72113 | | $169.59 | |
| Metropolitan Natl Bk, Attn: Mike Shepard, 425 W. Capitol, Little Rock, AR 72201 | | $2,376.40 | |
| Nicks Super Stop, 7400 Cantrell Rd., LR, AR 72207 | | $175.00 | |
| Office Depot, 4000 McCain Blvd., NLR, AR 72116 | | $26.99 | |
| O'Reillys, 8755 Sheltie Dr., Maumelle, AR 72113 | | $40.48 | |
| PepBoys, 4228 E. McCain, NLR, AR 72117 | | $359.95 | |

* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

## ADDITIONAL RESTITUTION PAYEES

| Name of Payee | Restitution Ordered |
|---|---|
| Phillips 66<br>8524 Hwy 107<br>Sherwood, AR 72120 | $ 605.28 |
| Pizza Hut #1380<br>4704 Camp Robinson<br>North Little Rock, AR 72118 | 88.67 |
| Popeyes<br>1037 Lantrip Rd.<br>Sherwood, AR 72120 | 100.62 |
| Radio Shack<br>3929 McCain<br>North Little Rock, AR 72116 | 24.85 |
| Red Lobster<br>3707 McCain Blvd.<br>North Little Rock, AR 72116 | 200.00 |
| Regions Bank<br>Attn: Lisa Nesbitt<br>400 W. Capitol<br>Little Rock, AR 72201 | 20,241.05 |
| Sam's Club #8104<br>900 S. Bowman Rd.<br>Little Rock, AR 72211 | 1,161.53 |
| Shell<br>1200 So. Shackleford<br>Little Rock, AR 72211 | 163.81 |
| Subway<br>3900 Camp Robinson Rd<br>North Little Rock, AR 72118 | 27.99 |
| Success Vison Express<br>11401 Financial Centre Pkwy, Suite 104B<br>Little Rock, AR 72211 | 577.28 |

| | |
|---|---:|
| U.S. Bank Nat'l Association<br>Attn: Corporate Security Payments<br>P. O. Box 650<br>Milwaukee, WI 53279-0650 | 2,794.07 |
| Wal-Mart Stores<br>P. O. Box 504765<br>St. Louis, MO 63150-4765 | 17,256.55 |
| Wendy's<br>311 Oak<br>Conway, AR 72032 | 47.66 |
| Wyndham Hotel<br>2 Riverfront Place<br>North Little Rock, AR 72114 | 304.95 |
| **Total Restitution** | **$ 58,533.11** |

AO 245B    (Rev. 09/08) Judgment in a Criminal Case
Sheet 6 — Schedule of Payments

Judgment — Page 7 of 8

DEFENDANT: TYRELL MCKENZIE
CASE NUMBER: 4:09CR00172-01 GTE

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

A ☑ Lump sum payment of $ 200.00 due immediately, balance due

    ☐ not later than _____ , or
    ☑ in accordance    ☐ C,   ☐ D,   ☐ E, or   ☑ F below; or

B ☐ Payment to begin immediately (may be combined with    ☐ C,    ☐ D, or    ☐ F below); or

C ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after the date of this judgment; or

D ☐ Payment in equal _____ (e.g., weekly, monthly, quarterly) installments of $ _____ over a period of _____ (e.g., months or years), to commence _____ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

E ☐ Payment during the term of supervised release will commence within _____ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F ☑ Special instructions regarding the payment of criminal monetary penalties:

Restitution of $58,533.11 is payable during incarceration and supervised release. During incarceration, the defendant will pay 50 percent per month of all funds that are available to him. During residential re-entry placement, payments will be reduced to 10 percent of the defendant's gross monthly income. Beginning the first month of supervised release, payments will be 10 percent per month of the defendant's monthly gross income. The interest requirement is waived.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☑ Joint and Several

Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

Restitution is joint and several with any other person who has been or will be convicted of an offense for which the restitution is to the same victim on this same loss as ordered.

☐ The defendant shall pay the cost of prosecution.

☐ The defendant shall pay the following court cost(s):

☑ The defendant shall forfeit the defendant's interest in the following property to the United States:

One HP Laser Printer, SN NLDF000889
One Dell Keyboard, MN SK-8110
One Dell Printer/Scanner/Copier, MN V305, Service Tag GTY57F1.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including cost of prosecution and court costs.

AO 245B    (Rev. 09/08) Judgment in a Criminal Case
Sheet 6B — Schedule of Payments

DEFENDANT: TYRELL MCKENZIE
CASE NUMBER: 4:09CR00172-01 GTE

Judgment—Page 8 of 8

## ADDITIONAL FORFEITED PROPERTY

One Dell Tower, SN GVRLV31; and

One Dell Monitor, SN MX-05E532-47801-267-C0MY